SCHRÖDER, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas denegatoria de la inscripción de una escritura de hipoteca.

No. 454.—Resuelto en marzo 15, 1920.

BIENES GANANCIALES—CONSENTIMIENTO EXPRESO DE AMBOS CÓNYUGES PARA GRAVAR BIENES GANANCIALES.—En una escritura de hipoteca constituída por la esposa sobre finca que aunque inscrita a su nombre tiene el carácter legal de ganancial, se hizo constar que para que la hipoteca esté revestida de toda la legalidad necesaria, "el esposo J. C. declara ahora que la aprueba y ratifica en cuanto fuere necesario en derecho y bajo las responsabilidades de ley." Denegada la inscripción del contrato por falta de consentimiento expreso del esposo, *se resolvió:* que la cláusula transcrita envuelve el consentimiento expreso que requieren los artículos 159 y 1320 del Código Civil, por lo que procede la inscripción del contrato.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. R. Arce.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El traspaso de una casa hecho a doña María Puig, mujer casada, como de su exclusiva propiedad y que representaba una parte de la herencia de su padre fué inscrito con el defecto subsanable de no acreditarse la procedencia del dinero invertido en la adquisición de dicha finca. En una hipoteca constituída posteriormente por doña María y suscrita por ambos esposos después de hacerse constar las circunstancias a que hemos hecho referencia, se dice además que para que el contrato de hipoteca esté revestido de toda la legalidad necesaria el esposo José Garrido "declara ahora que lo aprueba y ratifica en cuanto fuere necesario en derecho y bajo las responsabilidades de ley".

Presentada dicha escritura en el registro el registrador denegó su inscripción porque "no consta del documento relacionado que el esposo de la hipotecante haya dado su consentimiento expreso para la constitución del gravamen a que

el mismo se contrae, pues solo manifiesta en dicho documento que aprueba y ratifica el contrato en aquel consignado, cuya manifestación no es bastante a suplir el consentimiento expreso ordenado por la ley, artículos 159 y 1328 del Código Civil, 26 D. P. R. 740.''

En el caso de *Fernández Pérez* v. *El Registrador*, 26 D. P. R. 740 citado últimamente, la hipoteca constituída por el marido no tenía cláusula alguna que indicara la posición de la esposa respecto a la cònstitución de tal gravamen si bien el documento fué suscrito por ambas partes, quienes manifestaron ''que poseían en usufructo el solar que se describía en la escritura y que el compareciente Juan Vázquez Ramos había edificado sobre él, a sus expensas y bajo su administración y dirección, una casa que quería se inscribiera a su favor en el registro de la propiedad''. La circunstancia de haberse unido la esposa para establecer el hecho del usufructo y de la edificación de la casa por el marido y de haber firmado el documento, examinada a la luz de los artículos 159 y 1328 del Código no la convertían en parte en el contrato de hipotecas, por lo que resolvimos, según el sumario de dicho caso, que ''cuando se hipotecan bienes gananciales es necesario que ambos cónyuges manifiesten expresamente su consentimiento, el cual no debe considerarse expresado con la simple manifestación notarial de que ambas partes aceptan la escritura''.

La presunción legal del carácter de ganancial de la propiedad envuelta en este caso, mientras no se subsane el defecto mencionado en la inscripción, no requiere que los esposos tergiversen los hechos al tratar de dicha propiedad mientras está pendiente la resolución final relativa a la condición legal de dicha propiedad en el registro. Tanto el marido como la esposa parecen considerar la casa como una propiedad privativa de la esposa, pero aparentemente con el fin de evitar cualquier objeción que pudiera hacer el registrador, así como para facilitar la inscripción de la hipoteca constituída por la esposa, el marido ratifica y aprueba

expresamente la referida hipoteca. En vista de las circunstancias sería difícil elegir palabras que fuesen más adecuadas para expresar "el consentimiento expreso de ambos cónyuges", requerido por el Código Civil como requisito para la enajenación o gravamen de los bienes gananciales. El código no prescribe la fraseología en que habrá de expresarse tal consentimiento y la ratificación y aprobación de envolver alguna cosa que no sea una distinción sin establecer una diferencia, parecen significar algo más que un mero consentimiento.

La nota recurrida debe ser revocada.

> *Revocada la nota recurrida y ordenada la inscripción denegada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.